**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 3 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PAUL D. HOLMES,

   Petitioner - Appellant,

  v.

WYOMING DEPARTMENT OF
CORRECTIONS; STATE
PENITENTIARY WARDEN;
WYOMING ATTORNEY GENERAL,

   Respondents - Appellees.

No. 96-8113
(D. Ct. No. 95-CV-59-B)
(D. Wyo.)

---

**ORDER AND JUDGMENT**[*]

---

Before TACHA, BALDOCK, and LUCERO, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se petitioner Holmes appeals from an order of the district court denying relief in petitioner's petition for a writ of habeas corpus brought pursuant to 18 U.S.C. § 2254. Petitioner alleges that the district court erred in numerous respects. We affirm.

As a preliminary matter, it should be noted that it is unnecessary for a defendant to obtain a certificate of appealability to prosecute his appeal. The Supreme Court recently held that the AntiTerrorism and Effective Death Penalty Act of 1996 (AEDPA) amendments to 18 U.S.C. § 2253 which imposed the requirement of a certificate of appealability do not apply to cases filed prior to the statute's effective date. See Lindh v. Murphy, No. 96-6298, 1997 WL 338568 (U.S., June 23, 1997).[1] The state concedes in its response brief that this § 2254 petition for habeas corpus was filed on March 17, 1995. Thus, this case was pending at the time of the effective date of the AEDPA.

The State of New Mexico argues in its response brief that petitioner's claims have been procedurally defaulted in the state courts of New Mexico and, therefore, that federal habeas corpus relief is unavailable to him. Coleman v. Thompson, 501 U.S. 722 (1991). The record is clear that petitioner failed to raise

---

[1]It should be noted that the Supreme Court's decision overrules our decision in Lennox v. Evans, 87 F.3d 431 (10th Cir. 1996), cert. denied, 117 S. Ct. 746 (1997) to the extent that Lennox held that the AEDPA provisions applied to §§ 2254 and 2255 cases filed prior to the AEDPA's effective date.

any of the issues advanced in this case in his direct appeal or in any state post-conviction actions.

Petitioner attempts on appeal to escape dismissal under the standards enunciated in Coleman, id., by arguing that the district court erred in failing to conclude that both trial and appellate counsel provided ineffective assistance of counsel in the proceedings relating to his underlying plea of guilty, sentencing, and appeal. Petitioner further alleges that the trial court erred in numerous respects regarding his competency to enter the guilty plea, to understand the charges against him, and to voluntarily and knowingly enter into the guilty plea. Petitioner further alleges that he was never informed of his right to appeal. The district court entered summary judgment in favor of the United States on all claims.

Petitioner's arguments are without merit. The record makes clear that both trial and appellate counsel rendered effective assistance of counsel at the guilty plea proceeding and on appeal. In order for a petitioner to show that either his trial or appellate counsel was deficient he must show that counsel's conduct fell outside a wide range of reasonable professional assistance and that petitioner was prejudiced by the failures of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner has made no such showing. We have reviewed the transcript of the guilty plea proceeding and the entire court record related to that

proceeding and to petitioner's appeal. We agree with the magistrate judge and the district court that there is no basis for finding that either trial or appellate counsel failed to provide effective assistance to petitioner at each stage.

Attempting to bolster his ineffective assistance of counsel claims, petitioner raises a number of issues relating to the voluntariness of his plea and to his competency to enter the plea. The record refutes petitioner's allegations. The state district court inquired thoroughly about the factual basis for petitioner's guilty plea. Further, the state court relied on at least two separate psychologists in making the determination that petitioner's plea was knowingly and voluntarily made and that it was entered only after consultation with counsel. The record in this case contains no evidence that the factual determinations in the state courts are not fairly supported by the record. We further find no evidence that there were any "psychological ploys" employed in obtaining petitioner's confession or guilty plea. Petitioner has failed to show either cause or prejudice to him for his failure to pursue remedies available to him in the state courts.

For substantially the reasons given by the magistrate judge and adopted by the district court, we affirm the order of the district court granting respondents motion for summary judgment, denying post-conviction relief, and dismissing the petition.  AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge